UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                           :

KEEP ON KICKING MUSIC, LTD.,     :
                           :       15cv7464
              Plaintiff,    :
                           :      OPINION & ORDER
           -against-     :

FREDERICK "TOOTS" HIBBERT, *et al.*,   :
                           :
            Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  :

WILLIAM H. PAULEY III, District Judge:

          Plaintiff Keep on Kicking Music, Limited ("KOK UK") brings this breach of contract and tortious interference action against Defendants Frederick "Toots" Hibbert; Toots Music, Inc.; and Alla Son Music Inc. (collectively, "Defendants").  KOK UK also seeks declaratory and injunctive relief regarding its rights to music composed by Hibbert.  Defendants counterclaim for unjust enrichment, conversion, and breach of contract against KOK UK, and also assert third-party claims of unjust enrichment, conversion, and fraud against KOK UK's principal Marc Chetata.

          KOK UK moves for judgment on the pleadings with respect to several of its claims against Defendants.  KOK UK and Chetata also move to dismiss Defendants' counterclaims and third-party claims.  KOK UK and Chetata's motions are granted in part and denied in part.

<u>BACKGROUND</u>

          The following facts are derived from the Amended Complaint (ECF No. 27), and the Amended Answer and Third Party Complaint (ECF Nos. 28–29).

I.   KOK UK's Complaint

In June 1994, Hibbert, Toots Music, and Keep on Kicking Music, Inc. (a non-party New York corporation referred to herein as "KOK NY") entered into an Exclusive Administration Agreement (the "Administration Agreement").  (Am Compl. Ex. 2.)  The Administration Agreement gave KOK NY exclusive administration rights to some of Hibbert's musical compositions, as well as an undivided 50% interest in them.  (Am. Compl. ¶ 2.)  The Administration Agreement also provided that it would "be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns."  (Am Compl. Ex. 2 § 6.)  Schedule B of the Administration Agreement acknowledged a $3,500 payment to Hibbert as "an advance recoupable against future publishing monies to be due by Keep on Kicking." (Am. Compl. Ex. 2 at Schedule B.)  In January 1995, Hibbert executed Schedules D and E, which acknowledged receipt of additional payments.  (Am Compl. ¶¶ 35–36.)

In September 1997, KOK UK was formed in the United Kingdom.  The following month, KOK NY assigned its interests under the Administration Agreement to KOK UK. (Am. Compl. ¶¶ 30–43.)  In December 1997, Hibbert signed an addendum to the Administration Agreement, acknowledging that the Administration Agreement had been assigned to KOK UK (the "Administration Agreement Addendum").  (Am Compl. ¶ 47.)  In a separate letter, Hibbert acknowledged that KOK UK and KOK NY "exclusively administrated" his copyrights and "represent[ed his] catalog."  (Am Compl. ¶¶ 51–52; Ex. 5.)  Hibbert also agreed to bring more compositions within the ambit of the Administration Agreement by executing a document titled "Additional Songs added to Schedule 'A' of Agreement Dated June 17, 1994 Between Frederick Hibbert – Toots Music And Keep On Kicking Music, Inc. now between Alla SonMusic Inc. & Keep On Kicking Ltd" (the "Additional Compositions").  (Am Compl. ¶ 53, Ex. 2.)

2

In September 1998, KOK NY was dissolved.  (Am Compl. ¶ 54; Ex. 1.)  Six years later, a new Delaware corporation, Keep on Kicking Music, Inc. ("KOK Delaware"), acquired certain rights under the Administration Agreement from KOK UK.  (Am Compl. ¶ 56.)

In 2007, KOK UK learned that Hibbert and Toots Music had attempted to assign some of the compositions governed by the Administration Agreement to Universal-Songs of Polygram International, Inc. ("Universal" and the "Universal Compositions").  (Am Compl ¶ 57.)  In January 2008, KOK Delaware, Universal, Hibbert, and Toots Music entered into a Settlement Agreement that "fully and finally releas[ed] and forever discharge[ed KOK Delaware] and [] Chetata and [their] . . . affiliates . . . and assigns . . . from [all] claims . . . which Hibbert . . . has at any time heretofore had . . . or may at any time hereafter have" concerning the Universal Compositions.  (Am Compl. ¶¶ 57, 64; Ex. 2.)

In 2013, Hibbert sued KOK NY and Chetata in this District.  See Frederick "Toots" Hibbert, p/k/a Toots and the Maytals v. Keep on Kicking Music, Inc., 13-cv-3664 (PAC) (S.D.N.Y.) (the "2013 Lawsuit").  Among other things, the 2013 Lawsuit asserted claims concerning the Universal Compositions.  While Hibbert's complaint acknowledged KOK NY's dissolution, he obtained a default judgment against KOK NY declaring that "all contractual agreements between Plaintiff Toots and Defendant [KOK NY] are null and void, and that all musical compositions transferred or otherwise encumbered by Defendant [KOK NY] under such agreements are returned to Plaintiff."  (Am Compl. ¶ 79; Ex. 9.)  The Default Judgment also awarded Hibbert $1,895,097.41 against KOK NY.  (Am Compl. ¶ 79; Ex. 9.)  Chetata, the other defendant, was never served with the complaint.  (Am Compl. ¶ 73.)

Hibbert used the Default Judgment to cloud KOK UK's rights to the compositions.  (Am. Compl. ¶ 80.)  KOK UK alleges that it has incurred significant costs and

expenses as a result of those actions.  (Am. Compl. ¶ 82.)  In April 2016, this Court vacated the

Default Judgment on consent.  (ECF No. 38.)

II.    Defendants' Amended Answer, Counterclaims and Third Party Complaint

The Amended Answer generally asserts that Defendants "are without the

knowledge or information sufficient to form a belief as to the truth of the allegations."

However, Hibbert: (1) admits to "entering into [the Administration Agreement] with KOK NY

on June 17, 1994" (Am. Answer ¶ 22); (2) denies signing the Administration Agreement

Addendum or December 1997 letter acknowledging the assignment from KOK NY to KOK UK

(Am. Answer ¶¶ 46–53); (3) admits releasing claims related to the Universal Compositions (Am.

Answer ¶ 59); (4) admits filing the 2013 Lawsuit (Am. Answer ¶ 67); (5) denies agreeing to add

the Additional Compositions to the Administration Agreement (Compare Am. Compl. ¶ 53, Ex.

2 with Am. Compl. ¶¶ 53, 121.); and (6) does not recall signing Schedules B–E to the

Administration Agreement.  (Am. Answer ¶¶ 114–16.)

Additionally, Hibbert alleges that Chetata misrepresented the purpose of the

Administration Agreement by asserting that it only gave Chetata the rights to collect "tour

advances" from promoters.  (Am Answer ¶¶ 107–10.)  Hibbert also asserts that any documents

he does not recognize but appear to bear his signature "had to have been created by someone

under the direct supervision or control of Chetata."  (Am. Answer ¶ 122.)   Finally, Hibbert

maintains that Chetata held KOK NY out to be a corporation in good standing after its

dissolution, and that Chetata and the KOK entities generally failed to provide regular statements

and pay royalties under the Administration Agreement.  (Am. Answer ¶ 124–29.)

LEGAL STANDARD

"A motion to dismiss counterclaims is governed by the familiar standards of Rule

12(b)(6)."  IDI Design Inc. v. A.O.D. Jewelry Co., No. 13-cv-08266 (CM), 2014 WL 661355, at

*2 (S.D.N.Y. Feb. 19, 2014).  Thus, the factual allegations in a non-movant's pleadings are accepted as true and all reasonable inferences are drawn in the non-movant's favor.  Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009).  To survive a motion to dismiss, such pleadings "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009) (citation omitted); Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).  "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient.  Iqbal, 556 U.S. at 678 (citation omitted).

Motions for judgment on the pleadings under Rule 12(c) are governed by the same standards applicable to motions to dismiss under Rule 12(b)(6).  See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006).  A "plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery."  Flextech Rights Ltd. v. RHI Entm't, LLC, No. 09-cv-3462 (DC), 2010 WL 245570, at *1 (S.D.N.Y. Jan. 22, 2010) (quotation marks omitted); see also Transamerica Fin. Life Ins. Co. v. Session, No. 10-cv-1328 (HB), 2010 WL 4273294, at *2 (S.D.N.Y. Oct. 28, 2010) ("[A] motion pursuant to Rule 12(c) . . . will be granted only where, on the facts admitted by the non-moving party, the moving party is clearly entitled to judgment.").

DISCUSSION

KOK UK seeks (1) a declaration of its rights in the compositions, (2) a finding that Defendants breached the Administration Agreement, and (3) a finding that Defendants breached the Settlement Agreement.  KOK UK and Chetata also move to dismiss Defendants' counterclaims and third-party claims.

5

I.    Judgment on the Pleadings

    A.  Plaintiff's Rights in the Compositions

        KOK UK seeks a judgment declaring that it is the exclusive and worldwide administrator of Hibbert's compositions, the owner of an undivided fifty percent interest in Hibbert's compositions, and co-publisher of Hibbert's compositions.

        Hibbert's defense that he did not read the Administration Agreement is insufficient as a matter of law.  "Under New York law, a person who signs an agreement is conclusively bound by it even if he did not read the agreement or understand its terms." Kearins v. Panalpina, Inc., 570 F. App'x 9, 10 (2d Cir. 2014) (citing Gillman v. Chase Manhattan Bank, 73 N.Y.2d 1, 11–12 (1988)).  Moreover, "there is no requirement in the law that consultation with a lawyer must occur in order to render a contractual obligation enforceable." Reach Music Pub., Inc. v. Warner/Chappell Music, Inc., No. 09-cv-5580 (KBF), 2014 WL 5861984, at *7 (S.D.N.Y. Nov. 10, 2014) (quotation marks omitted).[1]

        Hibbert also asserts that he was unaware of the KOK UK assignment.  But the Administration Agreement is binding upon any "assigns" and does not require a counterparty's consent to assignment.  Because it is unclear how his lack of knowledge would invalidate the assignment, Hibbert has not raised an issue of fact that would defeat recovery.  See Transamerica Fin. Life Ins. Co. v. Session, No. 10-cv-1328 (HB), 2010 WL 4273294, at *3 (S.D.N.Y. Oct. 28, 2010) (finding that courts may rely on documents annexed to a complaint where the defense to the motion for judgment on the pleadings was based on a lack of knowledge or information

---

[1] Similarly, "[a] mere assertion that one does not recall signing a document does not, by itself, create an issue of fact as to whether a signature on a document is valid—especially in the absence of any evidence the document was fabricated." Gonder v. Dollar Tree Stores, Inc., 144 F. Supp. 3d 522 (S.D.N.Y. 2015) (granting a motion to compel arbitration despite opponent's argument that he did not recall signing the arbitration agreement); Reach Music Pub., Inc., 2014 WL 5861984, at *7 (rejecting, as a defense to a contract claim, the argument that a party "lacked memory of signing the agreements, . . . was unrepresented by counsel at the time, . . . did not keep any copies of the agreements, [and] did not read—much less understand—the agreements")

sufficient to form a belief).  On the other hand, Hibbert expressly denies adding the Additional Compositions to the Administration Agreement.  (Compare Am. Answer ¶ 53, Ex. 2 with Am. Compl. ¶¶ 53, 121.)  Accordingly, KOK UK's motion is granted with respect to the compositions on the original Schedule A to the Administration Agreement (ECF No. 27-2 at 5–6), and denied with respect to the Additional Compositions (ECF No. 27-2 at 7–15).

    B.   Breaches of the Administration Agreement

KOK UK seeks a declaration that Defendants breached the Administration Agreement.  However, in arguing that Hibbert breached the Administration Agreement, KOK UK relies principally on a December 2001 letter implying that Hibbert entered into a publishing agreement with Maxwood Music Ltd.  But the Amended Complaint contains no apparent reference to Maxwood or the December 2001 letter.  Moreover, Defendants generally deny breaching the Administration Agreement, and assert their own breach of contract claim against KOK UK.  Accordingly, this Court declines to grant judgment on the pleadings to KOK UK with respect to Defendants' alleged breaches of the Administration Agreement.

    C.   Breach of the Settlement Agreement

KOK UK seeks a declaration that Defendants breached the Settlement Agreement.  "In order to recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011).

In the Settlement Agreement, Hibbert released all claims concerning the

Universal Compositions.  KOK UK alleges that Hibbert breached the Settlement Agreement by filing the 2013 Lawsuit, which asserted claims concerning the Universal Compositions.

Hibbert's only rebuttal is that such an argument "assumes or implies facts that are either denied or in dispute in some manner by Hibbert."  (Opp'n at 10.)  But Hibbert admits that the Settlement Agreement resolved Hibbert's claims regarding the Universal Compositions, and further acknowledges filing the 2013 Lawsuit, which asserted claims arising, in part, out of those compositions.  Accordingly, this Court finds that Hibbert breached the Settlement Agreement. However, the issue of damages is best resolved after fact discovery is complete.

II.   Motion to Dismiss Defendants' Counterclaims and Third-Party Claims

A.   Unjust Enrichment

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc., 448 F.3d 573, 586 (2d Cir. 2006).  New York law "precludes unjust enrichment claims whenever there is a valid and enforceable contract governing a particular subject matter."  Beth Israel Med. Ctr., 448 F.3d at 587.  Moreover, "[u]nder New York law, the six-year limitations period for unjust enrichment accrues upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered."  Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 364 (2d Cir. 2013) (quotation marks omitted).

As discussed above, the pleadings demonstrate that the Administration Agreement is a valid contract governing those compositions listed on Schedule A.  Accordingly, Hibbert's unjust enrichment claim must be dismissed to the extent it concerns those compositions because

New York law "precludes unjust enrichment claims whenever there is a valid and enforceable contract governing a particular subject matter." Beth Israel Med. Ctr., 448 F.3d at 587; see also Randall's Island Aquatic Leisure, LLC v. City of New York, 92 A.D.3d 463, 464 (1st Dep't 2012) ("There can be no quasi-contract claim against a third-party non-signatory to a contract that covers the subject matter of the claim."). While Defendants' unjust enrichment claim survives with respect to the Additional Compositions, Defendants may not recover for wrongful acts outside of the six-year statute-of-limitations period.

   B.  Conversion

        Under "New York law, conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403–04 (2d Cir. 2006). "New York's statute of limitations for conversion claims is three years, N.Y. C.P.L.R. § 214(3), and accrues at the time of conversion regardless of a plaintiff's knowledge of the conversion." United Teamster Fund v. MagnaCare Admin. Servs., LLC, 39 F. Supp. 3d 461, 478 (S.D.N.Y. 2014).

        Hibbert's conversion claim seems to be premised on the argument that KOK UK and Chetata had no right to Hibbert's compositions when KOK NY was dissolved because Hibbert did not know of the dissolution. However, the pleadings raise no material issues of fact regarding KOK UK's rights in the compositions originally listed on Schedule A. Thus any conversion claim arising out of those compositions is dismissed. While Defendants' conversion claim survives with respect to the Additional Compositions, it is time-barred to the extent it seeks royalties outside of the three-year statute of limitations period.

C. Fraud

"Under New York law, the elements of common law fraud are a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." Chanayil v. Gulati, 169 F.3d 168, 171 (2d Cir. 1999) (internal quotation marks omitted). "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[I]n order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006). Moreover, "[u]nder New York law, the Statute of Limitations for a fraud is six years from the date of the commission of the fraud, or two years from the date the fraud was or could reasonably have been discovered, whichever is longer." Scherer v. Gaildon Med. Sys., Inc., No. 02-cv-8847 (DAB), 2004 WL 2884312, at *3 (S.D.N.Y. Dec. 10, 2004).

Defendants' fraud allegations appear premised on misrepresentations about KOK NY after the firm was dissolved. But those allegations—vague references to a February 2006 letter in which "KOK NY was made to appear as if it were still a corporation in good standing," and an "email dated March 2013, from Chetata and the defunct KOK Music Inc." (Am. Answer ¶¶ 124, 126.)—fail to satisfy Rule 9(b). Moreover, it is entirely unclear how Defendants relied on those misrepresentations to their detriment. For example, the allegation that "Defendant[s'] reliance upon the misrepresentation was so strong that Defendant Hibbert believed that KOK-NY continued to exist right up until Defendant Hibbert filed suit against the defunct KOK NY" is belied by the 2013 Lawsuit, which acknowledged KOK NY's dissolution. (Am. Compl. Ex. 7 ¶ 21.) Additionally, KOK NY's dissolution was not a secret; such information was publicly

available from New York's Secretary of State.  Accordingly, Defendants' fraud claim is dismissed.

    D.  <u>Breach of Contract</u>

        Hibbert alleges that KOK UK breached the Administration Agreement by failing to provide regular statements and payment of royalties.  Plaintiff moves to dismiss that claim primarily on the basis that it is time-barred under New York's six-year statute of limitations for contract claims.  Hibbert's claim is time-barred to the extent it seeks royalties outside of "New York's six-year limitations period[, which] generally runs from the time the contract was breached."  <u>Deutsche Bank Nat. Trust Co. v. Quicken Loans Inc.</u>, 810 F.3d 861, 865 (2d Cir. 2015).  But Hibbert also pleads that he was not paid contractually owed royalties even within six years of the filing of the Complaint.  Accordingly, that portion of his breach of contract claim survives at this stage.[2]

---

[2] Though Defendants do not raise the issue of rescission, it is worth noting that, to the extent Hibbert's claim could be read as one for rescission of the Administration Agreement, it is time-barred.  <u>See</u> <u>Greene v. Greene</u>, 56 N.Y.2d 86, 436 N.E.2d 496 (1982) (a claim for rescission based on not understanding an agreement has a six-year statute of limitations).  The same would be true even if the rescission claim were "based on fraud," as the two-year statute of limitations would begin to run no later than Hibbert's December 2001 letter, wherein Hibbert challenged KOK NY's rights to the compositions.  This Court may take judicial notice of the letter, filed by Hibbert in connection with the 2013 Lawsuit, for purposes of determining accrual of the statute of limitations.  <u>See</u> <u>Staehr v. Hartford Fin. Servs. Grp., Inc.</u>, 547 F.3d 406, 425 (2d Cir. 2008) ("[I]t is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents, in deciding whether so-called 'storm warnings' were adequate to trigger inquiry notice as well as other matters."); <u>Global Network Commc'ns, Inc. v. City of New York</u>, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (citation omitted)).

CONCLUSION

Plaintiff Keep On Kicking Music, Limited's motion for judgment on the

pleadings is granted in part.  Specifically, this Court finds that KOK UK is the exclusive and

worldwide administrator of the compositions on the original Schedule A to the Administration

Agreement, the owner of an undivided fifty percent interest in those compositions, and co-

publisher of those compositions.  Additionally, this Court finds that Defendants' breached the

Settlement Agreement.  Plaintiff's motion for judgment on the pleadings is otherwise denied.

Keep on Kicking Music, Limited and Marc Chetata's motion to dismiss

Defendants' fraud claim is granted.  Defendants' remaining counterclaims and third-party claims

are otherwise limited in accord with this Opinion and Order.

The Clerk of Court is directed to terminate the motion pending at ECF No. 39.

Dated: August 17, 2016
          New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.